<hr />

## JUAN PUIG Y MARQUEZ
*v.*
## ANTONIO RIGO SAGRERA.

<hr />

San Juan, Equity, No. 366.

1. An injunction does not lie to restrain libelous and slanderous acts and statements.
2. In such cases there is an adequate remedy at law.

Opinion filed June 28, 1906.

<hr />

*Willis Sweet, Esq.,* solicitor for plaintiff

*Cay. Coll y Cuchi, Esq.,* solicitor for defendant.

RODEY, Judge, delivered the following opinion:

This cause was argued by counsel on a demurrer to the amended bill of complaint, which latter was at that time, by consent of the respective counsel, considered as filed.

The complainant alleges that for four and a half years previous to May the 10th, 1905, the parties were engaged as copartners in the bakery business at San Juan, Porto Rico. That on said date the partnership was dissolved by mutual consent, an accounting was had between the parties, complainant purchasing the half interest of the respondent therein and continuing the business; which half interest was at such time ascertained to be worth $3,663, which complainant then and there paid respondent for. That on said date, just before he left the said place of business, the respondent maliciously threw a large quantity of salt into the preparation to be used in baking the usual supply of bread for the business that night, and thus ruined the same, and thereafter went into the street advising the customers of said bakery not to purchase bread thereat because it would not be in a condition to use. That complainant managed to ascertain about this action, and changed the spoiled material for a proper supply in time to prevent the injury to the baked product.

That thereafter, on the 23d of July, the said bakery was examined by the proper board of health officers of the city of San Juan, and found to be right and proper in every way. That a little later, on August the 1st of the same year (whether in the regular course of his duty, or on complaint of someone, does not appear), another health inspector visited said

---

NOTE.—As to injunction against libelous publication, see note to Cowan v. Fairbrother, 32 L.R.A. 831.

Puig y Marquez v. Sagrera.

establishment, and found one of the bakers to be diseased, and immediately caused the preparation for the baking of that night to be destroyed. Complainant alleges that the fact of the baker being thus diseased was unknown to him, and that in a few days the baker was cured of the disease and in a condition to continue his work; but that the respondent, intending to injure the complainant and his business, immediately or soon thereafter caused an item to be published at his own expense in a local newspaper, setting forth the action of the health inspector, praising him for his zeal in and about his duties, and specifically mentioning the name of the complainant as the owner of the bakery where a baker suffering from a contagious disease had been found, etc. Complainant charges that respondent did this, not with a view to complimenting the health officer, but with a malicious design to injure the complainant and his business. That thereupon the complainant because of such act caused the arrest and prosecution of the respondent for libel, and secured his conviction in the municipal court of San Juan, where he was fined $100, which, upon his appeal to the insular district court for said district, was reduced to $50 or imprisonment. A copy of the sentence of the court is attached to the complaint.

The complainant then sets out that, notwithstanding this conviction of the respondent, the latter hereafter continued and still continues his misrepresentations and efforts of the character above recited, and in other ways not mentioned in the bill, regarding the said business, the same being directed in any way that may tend to injure the complainant in the carrying on of the business aforesaid, which he seeks to injure and destroy. And, further, that "the constant misrepresentations, slanderous statements, and continuous efforts and energy of said defendant, directed to the purpose of injuring your

Puig y Marquez v. Sagrera.

orator, have had the effect of materially and substantially injuring the business of the complainant; and that, whereas he formerly employed three master bakers, his business has so suffered from the continued attacks from the defendant against the said business, as above recited, that at least one half of the business formerly transacted by your orator has been destroyed and driven away, and that the said loss and injury are due to the false and malicious representations which are continually being made by the defendant."

The complainant then states that unless he can have an injunction against the respondent, enjoining him from further annoyance, misrepresentations, and attacks upon his business, he believes that his credit as a business man, and his business as herein described, will be altogether ruined. That the business was, at the time of the purchase of the half interest aforesaid from the respondent, of the value of $6,000, and that it has already been damaged, more or less, one half of said amount, and that the respondent is improving every opportunity, as well as creating opportunities when possible, to injure the said business and to destroy complainant's credit in the community; and that he continues and threatens to continue said unjust and malicious persecution.

Then follows the usual prayer for relief, for an injunction, and for judgment against the respondent for such damages as the court may find him to be justly entitled to under all the facts as they may be proved in the case.

The demurrer is general in character, and sets out that the court has no jurisdiction in the premises because complainant has a complete remedy at law.

The question to be considered is: Will a court of equity grant the relief prayed for, or any relief under such circumstances? In other words, will an injunction lie in this sort

Puig y Marquez v. Sagrera.

of a case, under these circumstances, to enjoin the respondent from slandering the complainant or his business?

It will be remembered that the two specific acts—the throwing of the salt in the dough or bread preparation, and the causing of the publication in the local paper of the account of the action of the health inspector—are completed and past, and the respondent has been punished for at least one of these acts, if not both, in another tribunal. This court has held in Marí Hermanos v. San German, 1 Porto Rico Fed. Rep. 502, that an injunction to prevent an act should not be granted when the act has already been done, and also holds that, when there is a complete and adequate remedy at law, equity will not interfere.

There is no allegation in the bill that the respondent is insolvent or unable to respond in damages at law in case of a verdict in that behalf against him. This sort of allegation is generally required to give equity jurisdiction where the injury threatened is not irreparable. 2 Beach, Modern Law of Eq. Jur. 722.

Neither is there any allegation in the bill that the complainant purchased the good will of the business in question from the respondent, or that it was assigned to the complainant, unless a presumption to that effect can be indulged from the mere transaction of purchasing the half interest. It is undoubtedly the rule that no presumption that the good will is assigned will be indulged unless it is alleged or it affirmatively appears, because the right of the respondent to commence business next day in the immediate vicinity of the business he has disposed of is unquestioned unless the contrary appears. Even when the good will of a business is specifically assigned, it is doubtful if a court of equity would go further than to enjoin the seller from interfering with it by immediately setting up an

Puig y Marquez v. Sagrera.

opposition business so close to the place sold as to be a clear breach of the assigning contract. 3 Pom. Eq. Jur. § 1355.

The injunctive power of courts of equity has in recent years been invoked in trespass, strike, and boycotting cases to an extent going far beyond what was previously believed to be the limit; but in this country the courts have almost uniformly refused to grant such relief in cases of libel and slander. Such relief of this character as is granted in England is based, it is said, upon authoritative acts of Parliament. 2 Beach, Modern Law of Eq. Jur. 779.

A few cases have been found where sending out circulars, slandering titles to patent rights, etc., have, in a proper showing, in some cases, been enjoined, but that was where the threatened act was described specifically. One of the best-considered cases holding that American courts will not, as a general thing, enjoin libel or slander, is that of Kidd v. Horry, in the circuit court of the United States for the eastern district of Pennsylvania (28 Fed. 773). That case points out that the Constitution of the United States protects liberty of speech and of the press, all persons being responsible for the abuse of their privileges in that regard; but also points out that damages accruing to anyone because of libel or slander by another are matters peculiarly within the purview of juries to estimate; and it makes no difference that a bill may allege malice in the publishing of a libel, or malice in the utterance of a slander, or that threats of continuous slander are being made. We quote from it:

"We do not think that the existence of malice in publishing a libel, or uttering slanderous words, can make any difference in the jurisdiction of the court. Malice is charged in almost every case of libel, and no cases of authority can be found, we think, independent of statute, in which the power to issue an injunction to restrain a libel or slanderous words has ever been

maintained, whether malice was charged or not. Charges of slander are peculiarly adapted to and require trial by jury; and exercising, as we do, authority under a system of government and law which by a fundamental article secures the right of trial by jury in all cases at common law, and which by express statute declares that suits in equity shall not be sustained in any case where a plain, adequate, and complete remedy may be had at law, as has always heretofore been considered the case in causes of libel and slander, we do not think that we would be justified in extending the remedy of injunction to such cases."

Notwithstanding the conviction already had in this case, of the respondent, and the fact that perhaps he is continuing to slander this complainant and the business in question, we still think that complainant has a complete and adequate remedy at law; and the demurrer is therefore sustained, with costs, and the bill will be dismissed.